UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEADFAST SUPPORT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 4:25-cv-01494-CMS |
| | ) | |
| REGIONS BANK INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Regions Bank Inc.'s Motion to Dismiss Plaintiff's

First Amended Complaint (Doc. 38). For the reasons set forth below, Defendant's Motion

to Dismiss is GRANTED in part.

### BACKGROUND

*Factual Background*

According to the Amended Complaint (Doc. 26) of Plaintiff Steadfast Support

Services, LLC, Defendant Regions Bank Inc. is a bank providing "banking services to

businesses and consumers throughout Missouri." (Doc. 26 at 2-3). Plaintiff alleges that it

chose to use Defendant's bank based in part on Defendant's representations about the

security of its services and how it protects users' privacy. *Id.* Plaintiff "specifically

wanted safe and secure business banking services with a bank that would safeguard

Plaintiff's financial information and protect against unauthorized access to Plaintiff's

accounts." *Id.*

1

Plaintiff alleges that, on July 14, 2025, "an unknown individual or entity" accessed Plaintiff's account and transferred almost all of Plaintiff's money, in the amount of $300,000, out of its account. *Id.* at 4. Plaintiff alleges that the perpetrator did so "in a short series of transactions" in a period less than 24 hours. *Id.* Plaintiff further alleges that Defendant never notified it of these transactions or flagged these transfers as fraudulent even though Plaintiff had never requested transfers of a similar size before. *Id.* Plaintiff finally alleges that Defendant does not use the latest security technology and allowed the perpetrator to access Plaintiff's information. *Id.* Plaintiff does not specify how the perpetrator obtained its security information. *See generally id.*

Plaintiff noticed these transactions at around 7:00 a.m. on July 15, 2025. *Id.* at 5. Plaintiff's representative went to Defendant's local branch immediately when it opened after failing to reach Defendant by phone. *Id.* Defendant represented that it would investigate but later sent a letter refusing to refund the amount lost because the "[t]ransactions were authorized using agreed-upon security procedures." *Id.* Defendant did not explain what the procedures were, how the perpetrators accessed Plaintiff's information, or why Defendant allowed the transfer of all of Plaintiff's money in less than 24 hours. *Id.*

## *Procedural History*

Plaintiff filed the instant action in the St. Charles County, Missouri Circuit Court on September 3, 2025. (Doc. 1, Ex. 3 at 2). Defendant removed the case to this Court on October 3, 2025, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 in that Plaintiff is a Missouri limited liability company and Defendant is an Alabama corporation

2

with its principal place of business in Birmingham, Alabama. (Doc. 1 at 2-3). Defendant filed a Motion to Dismiss Plaintiff's Petition (Doc. 14) on October 17, 2025. In response, Plaintiff filed both a Motion to Amend its Petition (Doc. 22) and a Memorandum in Opposition (Doc. 24).

After the Court granted Plaintiff leave to amend its Petition (Doc. 25), Plaintiff filed its First Amended Complaint (Doc. 26). In the Amended Complaint, Plaintiff brings five counts against Defendant pursuant to Missouri common law and the Missouri Uniform Commercial Code (UCC), Mo. Rev. Stat. 400.4A-101, *et seq.*: Count I- Negligence; Count II- Breach of Contract; Count III- Statutory Violation Of The UCC, Mo. Rev. Stat. §§ 400.4A-101, *et seq.*; Count IV- Fraudulent Misrepresentation; and Count V- Negligent Misrepresentation. (Doc. 26 at 7, 9, 10, 12, 15).

Because Plaintiff had filed an Amended Complaint, the Court denied Defendant's pending Motion to Dismiss (Doc. 14) as moot. (Doc. 29). Defendant then filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32), which Defendant later withdrew (Doc. 36). Before Defendant withdrew its Motion to Dismiss, it filed a Memorandum in Support of the Motion to Dismiss (Doc. 33), and Plaintiff filed a Memorandum in Opposition (Doc. 35). Defendant then filed a substitute Motion to Dismiss (Doc. 38) before filing its Reply (Doc. 39). Finally, Plaintiff incorporated its previous Memorandum in Opposition to the Motion to Dismiss into a new Memorandum (Doc. 40).

3

**LEGAL STANDARDS**

Defendant moves the Court to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). *See* (Doc. 38 at 1).

For a complaint to survive a Rule 12(b)(6) motion, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). The court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**ANALYSIS**

In its First Amended Complaint, Plaintiff brings five counts against Defendant under Missouri common law and the Missouri UCC, MO. REV. STAT. 400.4A-101, *et seq*. (Doc. 26 at 7-15). In its first count, Plaintiff claims that Defendant negligently allowed

4

Plaintiff's financial information to be used and its money to be taken from Defendant's bank. *Id.* at 7-9.

Plaintiff's second count brings a claim for breach of contract, asserting that Plaintiff and Defendant "had an agreement that Regions would secure and safeguard Plaintiff's money and financial information, would protect against unauthorized access to Plaintiff's accounts, and would provide Plaintiff with other banking services such as allowing Plaintiff to transfer money electronically with Plaintiff's authorization." *Id.* at 9-10. Plaintiff alleges that Defendant breached this agreement by failing to safeguard Plaintiff's financial information and transferring the money out of Plaintiff's account. *Id.* at 10.

In its third count, Plaintiff claims that Defendant violated the Missouri UCC, MO. REV. STAT. §§ 400.4A-101, *et seq.*, by not verifying the authenticity of the payment orders allowing the perpetrators to transfer Plaintiff's funds. Thus, Plaintiff alleges, Defendant did not accept the payment orders in good faith and in compliance with commercially reasonable security procedures. *Id.* at 10-11.

Plaintiff's fourth and fifth counts allege fraudulent and negligent misrepresentation by Defendant. *Id.* at 12-17. Plaintiff claims that Defendant made representations, which Defendant knew or should have known were false, about how it would secure Plaintiff's information and protect Plaintiff's accounts against unauthorized access. *Id.* at 12-17.

### Count I: Negligence

Defendant asserts that Plaintiff's common law negligence claim in Count I fails as a matter of law because it is preempted by the Missouri UCC. (Doc. 33 at 5).

Defendant's argument boils down to the assertion that any type of action related to a bank transfer is governed by the Missouri UCC, and, therefore, such an action is preempted. *See id.* at 5-6. Defendant provides no Missouri appellate authority for the proposition that MO. REV. STAT. § 400.4A-202 entirely preempts the common law negligence claim here. *See id.* The Court's independent research confirms that there is no Missouri appellate case law interpreting Section 400.4A-202, let alone the question of whether it preempts Missouri common law negligence.

"When interpreting state law, [a federal court is] bound by the interpretation of a state's highest court." *Christian Action League of Minnesota v. Freeman*, 31 F.4th 1068, 1072 (8th Cir. 2022) (citing *Missouri v. Hunter*, 459 U.S. 359, 368 (1983)). But where a statute has not been "interpreted by the state's highest court, 'it is our responsibility to predict, as best we can, how that court would decide the issue.'" *Id.* (quoting *Brandenburg v. Allstate Ins. Co.*, 23 F.3d 1438, 1440 (8th Cir. 1994)).

Both the Missouri Court of Appeals and the Eighth Circuit have concluded that the Missouri UCC does not preempt all common law claims, including negligence claims. *See Johnson Dev. Co. v. First Nat. Bank of St. Louis*, 999 S.W.2d 314, 318-19 (Mo. Ct. App. 1999) ("A greater period of limitation for a common law negligence action for the same wrong would contradict the limitation in UCC section 400.4–406 only for claims on checks issued outside the one-year limitation. It would not contradict the code limitation for checks issued within the period."); *see also Cassello v. Allegiant Bank*, 288 F.3d 339, 341 (8th Cir. 2002) ("It is plain, therefore, that the Supreme Court of Missouri would not

hold that all common-law actions of negligence by a bank in connection with its handling of checks are preempted by the UCC.").

That said, Missouri case law makes clear that the Missouri UCC preempts the common law in some respects. The Missouri Court of Appeals has held that the Missouri UCC preempts common law claims "where the provisions of the UCC contradict the common law." *Johnson Dev. Co.*, 999 S.W.2d at 318 (citing *Consol. Public Water Supply v. Farmers Bank*, 686 S.W.2d 844, 853 (Mo. Ct. App. 1985)). There is no Missouri Supreme Court authority to the contrary, and this test is supported by Missouri UCC § 400.1-103 providing that "[u]nless displaced by the particular provisions of this chapter, the principles of law and equity . . . supplement its provisions." Thus, this Court observes that the Missouri Supreme Court would likely use the same test to determine whether the Missouri UCC preempts Missouri common law.

The Court's review of the statute and Plaintiff's Amended Complaint reveals that only some of Plaintiff's negligence claims are preempted by the Missouri UCC. Section 400.4A-202(a) defines payment orders received by a bank as "the authorized order of the person identified as sender," either "if that person authorized the order or is otherwise bound by it under the law of agency."

Section 400.4A-202(b) clarifies that, if a bank and a customer have so agreed, an order received by the bank that is "verified pursuant to a security procedure" will be "effective as the order of the customer whether or not authorized." Section 400.4A-202(b) adds further qualifications that, for such an order to be effective, the bank's security procedures must be a commercially reasonable method of preventing

7

unauthorized payment orders, and the bank must prove it accepted the payment order in good faith and in compliance with its security procedures. Section 400.4A-202(c) provides the test for determining whether a security procedure is commercially reasonable.

In Count I, Plaintiff first alleges that Defendant "negligently . . . failed to keep Plaintiff's money safe." (Doc. 26 at 7). Then, Plaintiff alleges that Defendant "negligently . . . failed to verify Plaintiff's identity and protect against unauthorized access to Plaintiff's accounts," and that Defendant's security and verification procedures were inadequate. (Doc. 26 at 8).[1] Finally, Plaintiff alleges Defendant was negligent in "safeguard[ing Plaintiff's financial information" and "fail[ing] to protect Plaintiff's privacy." *Id.*

As explained, Section 400.4A-202 is the Missouri UCC's statutory framework for a valid transfer of funds from a bank account and sets the test for whether a bank's

---

[1] These allegations are as follows:

> f. Regions negligently and carelessly failed to implement necessary security measures to protect Plaintiff. . . .
> h. Regions negligently and carelessly failed to provide safe and secure online banking services to Plaintiff.
> i. Regions negligently and carelessly failed to flag or prevent the fraudulent transfers out of Plaintiff's account.
> j. Regions negligently and carelessly transferred $300,000 out of Plaintiff's account without Plaintiff's authorization. . . .
> l.  Regions failed to inquire as to the authority of the person who transferred funds out of Plaintiff's account using Plaintiff's account information and to confirm the authority to prevent the unauthorized transfers.

(Doc. 26 at 8).

8

security procedures are commercially reasonable. To apply the common law of negligence in this context would be to ignore the statutory framework of duty and reasonableness as to security procedures and fund transfers.

Nevertheless, Plaintiff's claims that Defendant negligently failed to protect its financial information and to protect its privacy do not implicate the sections of the Missouri UCC cited by Defendant. These claims turn not on the reasonableness of the verification procedures but on Defendant's system of protecting Plaintiff's private information. Thus, these claims of negligence are not "displaced by the particular provisions of" the Missouri UCC. MO. REV. STAT. § 400.1-103.

Accordingly, Defendant's Motion to Dismiss Count I of the First Amended Complaint is GRANTED in part. All claims of negligence related to Defendant's security procedures, the adequacy of its verification process, and the way Defendant conducted the transaction at issue are dismissed. All other claims of negligence remain.

### Count II: Breach of Contract

Plaintiff's second count alleges breach of contract. (Doc. 26 at 10). Defendant argues that this count should be dismissed because it fails to sufficiently plead a claim for breach of contract under Missouri law. (Doc. 33 at 7).

"For [a plaintiff] to state a claim for breach of contract under Missouri law, [it] 'must establish the existence of a valid contract, *the rights of plaintiff and obligations of defendant under the contract*, a breach by defendant, and damages resulting from the breach.'" *Gillis v. Principia Corp.*, 832 F.3d 865, 871 (8th Cir. 2016) (quoting *Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 5 (Mo. Ct. App. 2013)) (emphasis in original).

9

Plaintiff's factual allegations in support of its breach of contract claim are scant and are limited to the confines of the breach of contract count itself. *See* (Doc. 26 at 1-6) (failing to even mention the existence of a contract or breach); *see also id.* at 9-10 (Count II- Breach of Contract). Moreover, Plaintiff does not attach a copy of the agreement to its First Amended Complaint. *See Clay v. Bank of America, N.A.*, No. 4:25-cv-1040-JMB, 2025 WL 3013000, at *3 (E.D. Mo. Oct. 28, 2025) ("Plaintiff has not attached the purported contracts to her Complaint, leaving this Court and Defendant unable to discern precisely how any such contracts were breached.").

Plaintiff's only allegations about the agreement are that "Plaintiff and Regions had an agreement that Regions would secure and safeguard Plaintiff's money and financial information, would protect against unauthorized access to Plaintiff's accounts, and would provide Plaintiff with other banking services such as allowing Plaintiff to transfer money electronically with Plaintiff's authorization." (Doc. 26 at 9). Plaintiff does not plead whether these were oral or written agreements, or whether the terms were agreed upon when the account was opened or at some later time.

For its part, Defendant submits copies of three agreements, *see* (Doc. 33 at 8; Doc. 33, Exs. 1-3), but Plaintiff denies that any of these agreements is the one allegedly breached (Doc. 35 at 7). Thus, Plaintiff fails to give either the Court or Defendant sufficient notice of its claims, which amount to no more than "[v]ague references to unspecified 'agreements'" which are "insufficient to state a claim for breach of contract." *Gillis*, 832 F.3d at 872 n. 11 (quoting *Reitz v. Nationstar Mortg., LLC*, 954 F.Supp. 2d 870, 884 (E.D. Mo. 2013)) (internal quotation marks omitted).

10

Simply put, Plaintiff's breach of contract claim does not "contain sufficient factual matter, accepted as true," *Iqbal*, 556 U.S. at 678, to support that the parties had a valid contract that was breached by Defendant. The Motion to Dismiss Count II is GRANTED.

**Count III: Violation of Missouri UCC, §§400.4A-101, MO. REV. STAT., *et seq.***

Plaintiff's third count alleges violations of the Missouri UCC, specifically MO. REV. STAT. § 400.4A-204. (Doc. 26 at 12). Defendant argues that it did not violate the Missouri UCC because it provided reasonable security provisions and acted in good faith. (Doc. 33 at 9-11). Defendant bases this argument on documents attached to its Memorandum in Support. (Doc. 33 at 10); *see also id.*, Exs. 1-4.

MO. REV. STAT. § 400.4A-204 provides a remedy for a bank customer when "a receiving bank accepts a payment order issued in the name of its customer as sender which is (i) not authorized and not effective as the order of the customer under section 400.4A-202, or (ii) not enforceable, in whole or in part, against the customer under section 400.4A-203 . . . ." *Id.* In that case, "the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund." *Id.*

As discussed *supra*, Section 400.4A-202(b) provides that unauthorized transfers may be effective as the order of the customer where the bank (i) uses a security procedure agreed to by the bank and the customer which is commercially reasonable and (ii) conducted the transaction in good faith using the agreed upon security procedure. Section

11

400.4A-202(c) provides the test for what is a commercially reasonable security procedure.

Defendant's first contention is that it and Plaintiff had agreed to a commercially reasonable security agreement. (Doc. 33 at 9). Plaintiff counters that this is an issue of fact that may not be determined at this stage. (Doc. 35 at 8). To the extent that Plaintiff asserts that the issue of whether a security agreement is commercially reasonable is a question of fact, Section 400.4A-202(c) makes clear that this is a question of law. Still, the test for commercial reasonableness involves sub-questions of fact. *See e.g.*, MO. REV. STAT. § 400.4A-202(c) ("considering the wishes of the customer expressed to the bank, the circumstances of the customer known to the bank, including the size, type, and frequency of payment orders normally issued by the customer to the bank," etc.). Also, Defendant's argument that it acted in good faith raises a fact issue. "'Good faith' means honesty in fact in the conduct or transaction concerned." MO. REV. STAT. § 400.4A-105(a)(6).

The Court is skeptical as to whether Plaintiff's barebones allegations adequately plead a violation of the Missouri UCC, especially given the complexity of the various elements and interconnected sections of the statute. But Defendant's motion instead challenges Plaintiff's factual allegations, which the Court must accept as true when considering a motion to dismiss pursuant to Rule 12(b)(6). *Fiecke-Stifter v. MidCountry Bank*, 170 F.4th 1120, 1124 (8th Cir. 2026).

Therefore, Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint is DENIED.

## Count IV: Fraudulent Misrepresentation

In its fourth count, Plaintiff alleges fraudulent misrepresentation by Defendant. (Doc. 26 at 12). Defendant argues that Plaintiff did not adequately plead fraudulent misrepresentation, particularly considering the heightened pleading requirements for a fraud claim.

The heightened pleading standard of FED. R. CIV. P. 9(b) applies when a plaintiff alleges fraudulent misrepresentation. *See Christopherson v. Bushner*, 33 F.4th 495, 502 (8th Cir. 2022) (applying FED. R. CIV. P. 9(b) in assessing a Missouri fraudulent misrepresentation claim). Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud . . . ."

The elements of fraudulent misrepresentation in Missouri are:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-132 (Mo. 2010) (en banc). To meet the heightened pleading standards of Rule 9(b), Plaintiff "must identify who, what, where, when, and how." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (internal quotation omitted). "It must 'specify[ ] the time, place, and content of the defendant's false representations . . . .'" *Id.* (quoting *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009)).

Plaintiff's allegations come nowhere near this level of specificity. While Plaintiff alleges a number of statements by Defendant, it provides little of the factual detail required by Rule 9(b). Plaintiff lists certain representations, which Plaintiff generally alleges were made by "customer service representatives and salespeople that opened the subject account . . . to Plaintiff orally and/or in writing at the time Plaintiff opened the subject account . . ..". (Doc. 26 at 12).

These allegations fail to sufficiently identify the "who, what, where, when, and how" of the alleged representations. For instance, Plaintiff does not identify the customer service representatives and salespeople, specify which representations were made by customer service representatives or salespeople, or specify which representations were made orally or in writing. (Doc. 26 at 12-13). In other words, Plaintiff's allegations are too vague to determine who said what and how.

For these reasons, the Motion to Dismiss Count IV is GRANTED.

### Count V: Negligent Misrepresentation

Finally, Plaintiff's Count V alleges a Missouri common law claim of negligent misrepresentation. (Doc. 26 at 15). Defendant argues that Plaintiff inadequately pled this claim, the representations cannot be the basis for a negligent misrepresentation claim because they are statements of future intent, and Plaintiff cannot show justifiable reliance. (Doc. 33 at 13-14).

Defendant first asserts that Plaintiff did not adequately plead a claim of negligent misrepresentation because its allegations concerning elements two, four, and five are "mere

14

recitations of the requisite elements." (Doc. 33 at 13). The elements of a claim for negligent misrepresentation in Missouri are:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing, LLC*, 322 S.W.3d at 134.

Plaintiff's allegations of element two are conclusory and insufficient. Plaintiff's only allegation regarding this element is that "Region's representations and the information it conveyed to Plaintiff were false because of Regions's failure to exercise reasonable care, and Regions knew that they were false when they were made or was ignorant of their truth." (Doc. 26 at 16). In its Memorandum in Opposition, Plaintiff's only defense of this allegation is that "Plaintiff pleaded all that it could." (Doc. 35 at 13). Plaintiff's response only confirms its pleading as "'a formulaic recitation of the elements of a cause of action [that] will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Another court of this District has found deficient a similar complaint alleging, "Defendants did not exercise reasonable care in rendering the aforementioned representations and, as a result, the aforementioned representations were false." *Top Gun Ammo Sales, LLC v. COF Techs., LLC*, No. 4:21-cv-00770-SEP, 2022 WL 823061, at *8-*9 (E.D. Mo. Mar. 18, 2022) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 678).

15

Because Plaintiff fails to properly plead the second element of its negligent misrepresentation claim, the claim fails. This is so regardless of whether Plaintiff pleaded the other elements with enough particularity. (Doc. 26 at 16); *see also See City of St. Joseph, Mo. v. Sw. Bell Telephone*, 439 F.3d 468, 478 (8th Cir. 2006) (applying Missouri law) ("The failure to prove any of these five elements is fatal to a claim of negligent misrepresentation."). Similarly, because Plaintiff fails to adequately plead negligent misrepresentation in Count V of the Complaint, the Court will not address Defendant's other bases for dismissing that count. *See* (Doc. 33 at 13-15).

For these reasons, the Motion to Dismiss Plaintiff's Count V is GRANTED.

## CONCLUSION

In sum, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 38) is **GRANTED IN PART** and **DENIED IN PART**. Count I is dismissed in part only to the extent that portions of Plaintiff's negligence claim are preempted by the Missouri UCC. Count II is dismissed because Plaintiff failed to adequately plead breach of contract. Count III is not dismissed because Defendant's motion in this regard argues issues of fact inappropriate for determination on a motion to dismiss under FED. R. CIV. P. 12(b)(6). Count IV is dismissed because Plaintiff did not meet the heightened pleading requirements of FED. R. CIV. P. 9(b) in alleging fraudulent misrepresentation. Finally, Count V is dismissed because Plaintiff failed to adequately plead negligent misrepresentation.

Accordingly,

16

**IT IS HEREBY ORDERED** that Defendant Regions Bank Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. 38), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Count I is DISMISSED IN PART, and Counts II, IV, and V are DISMISSED.

Dated this 11th day of August, 2026.

                                        _____

                                           CRISTIAN M. STEVENS
                                 UNITED STATES DISTRICT JUDGE