**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEADFAST SUPPORT SERVICES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:25-CV-01494-CMS** |
| | ) | |
| **REGIONS BANK INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

Before the Court are Plaintiff Steadfast Support Services' Motions to Strike Affirmative Defenses (Doc. 44) and to Dismiss Defendant's Counterclaims (Doc. 45). For the reasons stated below, Plaintiff's Motion to Strike Affirmative Defenses (Doc. 44) is **GRANTED** in part, and Plaintiff's Motion to Dismiss (Doc. 45) is **DENIED**.

## BACKGROUND

### *Factual Background*

The factual allegations in the Answer and counterclaims, read in the light most favorable to the non-movant, are as follows: Plaintiff is an account holder at Defendant Regions Bank Inc. (Doc. 42 at 11). When opening its account, Plaintiff signed a signature card that incorporated the Deposit Agreement, future amendments to the Deposit Agreement and "related disclosures." (Doc. 42 at 11). The Deposit Agreement also states that certain services, including online services, are governed by the related disclosures. (Doc. 42 at 12). The incorporated related disclosures include the Electronic Banking

Agreement and an addendum for small business services. (Doc. 42 at 11; 48 at 6). These additional disclosures explain the parties' rights and duties relating to security procedures, online transfers, and access credentials, including Plaintiff's duty to not share its access credentials. (Doc. 42 at 12, Ex. D § 18.03).

A scam caller persuaded one of Plaintiff's employees to share her access credentials. (Doc. 42 at 13). This breach resulted in a loss of approximately $300,000 to Plaintiff. (Doc. 42 at 13). Regions was unaware of the breach at the time the funds were transferred and complied with the contractually required security procedures. (Doc. 42 at 13). The parties agreed in the Deposit Agreement that these security procedures were commercially reasonable. (Doc. 42 at 14).

The Deposit Agreement and the Electronic Banking Agreement also contained indemnity provisions, pursuant to which Plaintiff would indemnify Defendant for any loss, including attorney's fees, relating to breach of these agreements. (Doc. 42 at 14, 15). Specifically, the Electronic Banking Agreement stated:

> [Plaintiff] AGREE[S] TO INDEMNIFY… [Defendant] FROM AND AGAINST ANY AND ALL LIABILITY, DAMAGES, EXPENSES, COSTS (INCLUDING BUT NOT LIMITED TO, REASONABLE ATTORNEY'S FEES), AND THIRD PARTY CLAIMS CAUSED BY OR… RELATED TO…USE OF THE SERVICES BY…ANY OTHER PERSON WHOM [Plaintiff HAS] PERMITTED TO USE THE SERVICE…[OR Plaintiff's] BREACH OF ANY TERM OR PROVISION OF THIS AGREEMENT…

(Doc. 42 at 15–16). The incorporated small business addendum included a similar indemnification provision. (Doc. 42 at 16).

*Procedural History*

Plaintiff initiated this suit to recover the lost $300,000 from Defendant, and Defendant removed the case to this Court. (Doc. 1). Defendant filed a Motion to Dismiss the Complaint, which was granted in part. (Docs. 38, 41). Defendant subsequently filed an Answer with defenses, affirmative defenses, and two counterclaims. (Doc. 42).

Defendant's first counterclaim, Breach of Contract (Deposit Agreement), alleges that Plaintiff breached the Deposit Agreement and the Electronic Banking Agreement by disclosing access credentials to a third party. (Doc. 42 at 17). Defendant seeks damages for defending itself in this litigation and the costs of investigating Plaintiff's claims and trying to recover Plaintiff's money. (Doc. 42 at 16–17).

The second counterclaim, Contractual Indemnification, alleges that Plaintiff agreed to indemnify Defendant for any losses, including attorney's fees and investigative costs, relating to a breach of the Deposit Agreement. (Doc. 42 at 18). The counterclaim also alleges that Plaintiff breached the agreement by, among other things, disclosing access credentials. (Doc. 42 at 18–19). Because Plaintiff's lawsuit relates to the Deposit Agreement, (Doc. 42 at 19), Defendant alleges that Plaintiff must indemnify Defendant for the cost of the litigation, including attorney's fees and investigative costs. (Doc. 42 at 19).

Plaintiff has now filed a motion to strike nearly all of the defenses contained in Defendant's Answer and a motion to dismiss Defendant's counterclaims for failure to state a claim. (Docs. 44, 45).

**LEGAL STANDARDS**

A Rule 12(b)(6) motion to dismiss a counterclaim is subject to the same standard as a motion to dismiss a complaint. *Am. Distribution & Mfg. Co., LLC v. NP Acquisition, LLC*, No. 23-CV-3250 (SRN/DTS), 2024 WL 2748350, at *1 (D. Minn. May 29, 2024) (citing *Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007)).

For a complaint to survive a Rule 12(b)(6) motion, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. The Motion to Strike will be granted in part.

Pursuant to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 44), Defendant's defenses 17 and 18 consist of mere legal conclusions, not valid defenses, and therefore will be stricken.

Federal Rule of Civil Procedure 12(f) allows this Court to strike insufficient defenses from a pleading. For a defense to be considered sufficient, the defendant must make at least a bare assertion that the defense is adequate and material to the litigation. *See Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765–66 (8th Cir. 2022). The "bare assertion" standard is not difficult to satisfy; it requires only enough information to put the plaintiff on notice of what the defendant will argue. *Id.* at 765.

In its Motion, Plaintiff alleges defects in 23 of Defendant's 25 defenses. (Doc. 44). According to the deferential "bare assertion" standard, Defendant's listed defenses are sufficient to give Plaintiff notice of what Defendant will argue, except for defenses 17 and 18. *Crutcher*, 22 F.4th 756, 765–66.

Defense 17 merely concludes that Defendant "is entitled to all defenses set forth under the Missouri Commercial Code and the commercial code of any other relevant state." (Doc. 42 at 9). This defense fails to put Plaintiff on notice of any particular defense in any particular statute.

Similarly, defense 18 consists of the bare assertion: "The Deposit Agreement precludes many of the damages Plaintiff seeks." (Doc. 42 at 9). This is a legal conclusion, not a defense, and does not elucidate any damages precluded pursuant to any provision of

the Deposit Agreement. The bare assertion standard is deferential, but not so much so that it permits the recitation of a mere legal conclusion as a defense.

Defendant otherwise has made at least a bare assertion that its remaining challenged defenses are adequate and material to the litigation, and this Court will not invoke the "extreme and disfavored measure" of striking any additional defenses. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). Plaintiff's Motion to Strike Affirmative Defenses (Doc. 44) is granted in part, and defenses 17 and 18 are stricken from Defendant's Answer.

## II. The Motion to Dismiss will be denied.

Because Defendant successfully pleads breach of the Deposit Agreement and indemnification in its counterclaims, Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 45) will be denied.

At the motion to dismiss stage, a court generally will not interpret the provisions of the contract at issue, it will only ask if the party has stated a cognizable claim pursuant to Missouri law. *Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 101 (Mo. 2010); *see also Eskridge Enters., LLC v. Iqbal*, 2015 WL 12843828, at *2 (W.D. Mo. June 24, 2015) (an argument that "factual allegations with respect to breach will not support a claim for breach of contract, …is not appropriate at the motion to dismiss stage."). A cognizable claim is stated when the elements of a breach of contract are alleged. *Bell v. Shelter Gen. Ins. Co.*, 701 S.W.3d 614, 619 (Mo. 2024). The required elements for a breach of contract are that (1) the contract exists, (2) the opposing party had obligations under the contract, (3) the contract was breached, (4) the breach resulted in damages. *Eskridge*, 2015 WL

12843828 at *2. On the other hand, "[w]hether [the] construction is actually correct is a matter for summary judgment, judgment on the pleadings, or trial – when the court decides the merits of adequately pleaded cases." *Bell*, 701 S.W.3d at 619.

**A. Defendant's Counterclaim for Breach of the Deposit Agreement**

Regarding Defendant's first counterclaim, Breach of Contract (Deposit Agreement), Defendant has alleged all the elements of a breach of contract.

Defendant alleged the existence of a contract when it referred to the Deposit Agreement and the Electronic Banking Agreement in its counterclaim. (Doc. 42 at 17); *Eskridge*, 2015 WL 12843828, at *2. Defendant alleged that Plaintiff had obligations under the contract by referring to the indemnity provisions and Plaintiff's obligation to maintain the security of the access credentials. (Doc. 42 at 17); *Eskridge*, 2015 WL 12843828, at *2. Defendant alleged breach when it asserted that Plaintiff shared those credentials with a third party. (Doc. 42 at 17); *Eskridge*, 2015 WL 12843828, at *2. And Defendant alleged damages when it claimed to have incurred attorney's fees and other expenses in defending itself in this litigation. (Doc. 42 at 17–18); *Eskridge*, 2015 WL 12843828, at *2.

Plaintiff nonetheless contends that Defendant's breach of contract claim violates the American Rule, which generally provides that a party is responsible for its own attorney's fees. (Doc. 46 at 3). But Missouri law allows parties to enter into contracts abrogating the American Rule. *Green v. Plaza in Clayton Condo. Ass'n*, 410 S.W.3d 272, 280 (Mo. Ct. App. 2013). Moreover, fee-shifting contracts can be incorporated by reference into other contracts, including future amendments to those contracts. *See Schnuck Markets, Inc. v. First Data Merchant Services Corp.*, 852 F.3d 732, 735 n.2 (8th Cir. 2017). Because

Defendant has alleged that the contract requires Plaintiff to pay Defendant's attorney's fees, the default American Rule does not require dismissal of Defendant's counterclaim. *Green*, 410 S.W.3d at 280.

Other issues raised by Plaintiff, such as whether the contract actually exists and whether Defendant has correctly interpreted the contract, are questions for a later day. *Bell*, 701 S.W.3d at 619.

For example, Plaintiff argues that Defendant has failed to allege the existence of a contract because Plaintiff did not sign the Electronic Banking Agreement and the Electronic Banking Agreement is dated after the Signature Card signed by Plaintiff. (Doc. 46 at 6). Neither the lack of Plaintiff's signature nor the later date on the Electronic Banking Agreement necessarily defeats the existence of a contract because later amendments incorporated by reference may apply. *See Schnuck Markets, Inc.*, 852 F.3d at 738 n.2.

For all of these reasons, Plaintiff's motion to dismiss Defendant's first counterclaim for breach of contract is denied.

**B. Defendant's Counterclaim for Contractual Indemnification**

Likewise, Defendant has stated a claim for indemnification.

Defendant's counterclaim alleges that Plaintiff agreed to indemnify Defendant for attorney's fees and investigative costs in case of breach. (Doc. 42 at 18). The counterclaim also alleges that Plaintiff breached the contract by disclosing access credentials. (Doc. 42 at 18–19). Plaintiff has not established that Defendant has failed to state a claim for indemnification.

Instead, Plaintiff argues that indemnity clauses and recovery of attorney's fees ordinarily apply to third-party claims, not first-party claims such as the one before this Court. (Doc. 46 at 11-12). Plaintiff also claims that indemnity clauses require more explicit language than this contract contains to apply to litigation between the contracting parties. *Id.* These positions may be true, but Plaintiff's arguments relating to whether this contract envisioned first-party claims, the proper recovery of attorney's fees, and the need for express language are interpretive arguments not yet appropriate for resolution here. Suffice it to say that whether the phrase "claim, demand, action, suit or proceeding brought or made by any party" in the indemnification provision of the Deposit Agreement includes this litigation is a deeply involved interpretive question best resolved at a later stage. (Doc. 42 at 18); *see generally Thyssenkrupp Elevator Corp. v. Creed*, 2019 WL13211009, at *1 (E.D. Mo. Jan. 30, 2019). And this Court observes that the Eighth Circuit has allowed contractual claims for indemnification and attorney's fees to run alongside underlying disputes between the parties. *See Choice Escrow & Land Title, LLC v. BancorpSouth Bank*, 754 F.3d 611, 625-26 (8th Cir. 2014) (treating the Article 4A claim as distinct from the claim for breach of contract and attorney's fees).

Additionally, Plaintiff argues that Defendant's breach of contract counterclaim violates Article 4A of the Missouri Commercial Code by creating a new obligation not found in the statute, which would violate the statute. (Doc. 46 at 9–10). Article 4A provides duties and remedies in banking relationships and restricts parties from contracting around the statute's requirements. Mo. Rev. Stat. §§ 400.4A-202, 203, 204. But the plain language of Article 4A does not forbid independent breach of contract claims, including actions

seeking attorney's fees, like Defendant's counterclaim. *See Choice Escrow*, 754 F.3d at 611, 613; Mo. Rev. Stat. §§ 400.4A-202, 203, 204.

The Eighth Circuit's decision in *Choice Escrow* was very similar to this case in that it involved an unauthorized wire transfer implicating Article 4A and a contract for attorney's fees. *Id.* at 613. The Eighth Circuit treated the bank's contractual claim for attorney's fees as distinct from the Article 4A issues and determined that Article 4A did not preclude independent causes of action for breach of contract. *Id.* at 613, 625.

Contrary to Plaintiff's argument that Article 4A precludes a claim for indemnification pursuant to the contract, a fee provision in a contract can serve as the basis for the damages element in a cause of action for breach of that contract. *Perficient, Inc. v. Munley*, No. 4:19-CV-01565-JAR, 2021 WL 1427797, at *12 (E.D. Mo. Apr. 15, 2021). Article 4A is silent on the issue of recovery on independent indemnity contracts and does not prevent this claim. *Choice Escrow*, 754 F.3d at 613, 625.

Plaintiff further argues that the indemnification claim fails because Missouri strictly construes indemnification clauses seeking indemnification for the indemnitee's negligence. (Doc. 46 at 13). Plaintiff is correct regarding the rule of strict construction in negligence cases. Still, whether the Court must draw all reasonable inferences in favor of the non-movant regarding this contract is not entirely clear at this early stage, especially considering that the indemnitee's negligence has yet to be established.

Along those same lines, Plaintiff argues that the indemnification claim is premature because the underlying case has not been resolved. (Doc. 46 at 13–14). But, as already

explained, the Eighth Circuit has previously allowed precisely this litigation posture. *See Choice Escrow*, 754 F.3d at 611, 625-26.

Therefore, this Court will deny Plaintiff's motion to dismiss Defendant's second counterclaim for indemnification.

**CONCLUSION**

In sum, Plaintiff's Motion to Strike Affirmative Defenses (Doc. 44) is **GRANTED** in part, and defenses 17 and 18 are stricken.

Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 45) is **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Doc. 44) is **GRANTED** in part. Defenses 17 and 18 are stricken from Defendant's Answer to the Complaint and Affirmative Defenses (Doc. 42).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 45) is **DENIED**.

Dated this 23rd day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE